**Tagged for Publication**



**ORDERED in the Southern District of Florida on June 17, 2011.**

John K. Olson, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov**

**In re**:

Craig **Piazza,**

        Debtor.
_____/

Case No. 10-40807-JKO

Chapter 7

### Order Granting Creditor Nueterra Healthcare Physical Therapy, LLC's Motion to Dismiss Case [ECF No. 29]

On January 18, 2011, Creditor Nueterra Healthcare Physical Therapy, LLC, the holder of a substantial judgment against the Debtor, filed a Motion to Dismiss Case and Request for Clerk to Hold Discharge Pending Hearing. *See* [ECF No. 29]. On February 22, 2011 Debtor Craig Piazza filed a Response to the Creditor's motion. *See* [ECF No. 35]. The court conducted a hearing on March 1, 2011 at 10:00 a.m. where, although the Creditor's written motion only cited to § 707(b), the Creditor argued that the case should be dismissed for cause under § 707(a) if the Debtor were found to be a non-consumer debtor. The court took the matter under advisement.

*Background*

The Debtor filed his Chapter 7 Voluntary Petition on October 8, 2010, about a day before a deadline to produce documents relevant to a state court final judgment. The judgment was entered against the Debtor for failure to pay a business guarantee to the Creditor. The Debtor filed Schedules A through J along with the petition and then amended Schedules I and J on December 31, 2010.

The Debtor had been employed for almost three years as a physical therapist and earned $7,740.00 per month at the time he filed his amended Schedule I. His wife has worked at an insurance company for 35 years and, at the time the amended Schedule I was filed, she earned $7,709.00 per month. The Debtor continued to contribute money to his wife's 401k and make her credit card payments even though she had a well paying job and he had a large state court judgment against him.

Schedule F indicates a total of $319,683.00 in unsecured debt, of which $161,383.00 is owed to the Creditor. The Debtor neglected to include a consumer debt owed to American Honda Finance on Schedule F ($13,298.85 at the petition date – the remainder due for an Acura TL lease which the Debtor has reaffirmed). The Debtor also omitted $48,441.00 worth of interest from Schedule F that had accrued on the state court final judgment pursuant to Fla. Stat. § 55.03(3).

The Creditor's written motion explicitly asks the court to dismiss this case pursuant to 11 U.S.C. § 707(b)(1), (b)(2), and (b)(3), and also includes totality of the circumstances arguments which implicitly ask the court to dismiss this case under § 707(a). All of the Creditor's § 707(b) arguments hinge on the assumption that the Debtor improperly declared that the majority of his debt is non-consumer (business) debt. If the Debtor is, instead, primarily a consumer debtor, the Creditor

argues that the Debtor's case should be dismissed because he failed the means test.[1] The Creditor contends that: (1) had the Debtor's consumer debts been calculated correctly, he would be subject to the means test; and (2) the monthly expenses the Debtor paid on behalf of his spouse were used to manipulate his income and expenses so that he would pass the means test.

At the March 1, 2011 hearing, in addition to the § 707(b) arguments, the Creditor argued that this case should be dismissed for bad faith and abuse based on the totality of the circumstances under § 707(a). The Creditor put forth the following facts to support dismissal under § 707(a):

(1)     the Debtor filed his petition to avoid a final judgment;

(2)     the Debtor failed to disclose the amount of debt owed to American Honda Finance;

(3)     the Debtor had the ability to repay his debts or a portion of his debts;

(4)     the Debtor continues to maintain high expenditures and a lavish lifestyle, making bi-weekly payments to his wife, paying her credit card expenses, and leasing a luxury vehicle.

The Creditor's written motion did not cite § 707(a), and Debtor's counsel objected to raising § 707(a) at the March 1st hearing.

The Debtor argues that his case cannot be dismissed under § 707(b)(1)-(3) because his debts are primarily non-consumer debts. He argues that the interest on the $161,382.00 state court final judgment increased that debt to $209,824.00, or approximately 55% of the Debtor's total unsecured debt (even including the debt owed to American Honda Finance). The Debtor also argues that the facts presented by the Creditor do not support bad faith or abuse based on the totality of the circumstances under § 707(a).

---

[1] The Creditor also argues that the Debtor acted in bad faith, and that the totality of circumstances surrounding the filing of the petition indicate abuse.

*Discussion*

I.  Dismissal under 11 U.S.C. § 707(b)(1), (2), & (3)

Dismissal § 707(b)(1)-(3) is appropriate: (i) where a presumption of abuse arises because "a debtor's monthly net income is greater than certain statutory benchmarks known as the means test" or; (ii) if no presumption of abuse arises, if the debtor filed in bad faith or the totality of the circumstances of the debtor's financial situation shows abuse.[2]  Section 707(b)(1) provides that:

> After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, trustee (or bankruptcy administrator, if any), or any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts . . . if [the court] finds that the granting of relief would be an abuse of the provisions of this title.

Before dismissing a case under § 707(b), a court must determine that the debtor has primarily consumer debts, and this determination hinges upon the reasons why the debts were incurred.[3] Consumer debts are "debt[s] incurred by an individual primarily for a personal, family or household purpose."[4] Non-consumer debts are generally those which are incurred for a profit motive,[5] but not all non-consumer debts must be incurred with profit in mind.[6]  Courts have taken different approaches in determining whether a debtor has primarily consumer debts or primarily non-

---

[2] *See Victoria v. Greenville Hosp. Corp. (In re Victoria)*, 389 B.R. 250, 254 (M.D. Ala. 2008).

[3] *DeAngelis v. Liegey (In re Liegey)*, No. 1:09-bk-00661MDF, 2009 Bankr. LEXIS 3678, at *7 (Bankr. M.D. Pa. Nov. 13, 2009)

[4] 11 U.S.C. § 101(8).

[5] *In re Stewart*, 175 F.3d 796, 806 (10th Cir. 1999).

[6] *Liegey*, 2009 Bankr. LEXIS 3678, at *8, n.3.

consumer (business) debts.[7]  Most courts hold that a debtor has "primarily consumer debts" if consumer debt composes more than 50% of total debt.[8]  This court will accordingly analyze this matter under the majority view, where "primarily means over 50 percent."[9]  The threshold inquiry in determining whether this case should be dismissed under § 707(b) is whether more than 50% of the Debtor's debts were incurred "primarily for a personal, family or household purpose."[10]

Here, the Creditor argues that the Debtor is a consumer debtor and that he improperly declared that his debt was not primarily consumer debt.  The Creditor supports this argument with evidence that the Debtor did not include a $13,298.85 obligation to American Honda Finance under a lease agreement on Schedule F.  The Creditor contends that, as a result, the $161,383.00 listed on Schedule F as the Debtor's business debt (comprising 50.48% of total debt) and $158,300.00 listed on Schedule F as consumer debt is not accurate.  The Debtor's consumer debt rises to $171,598.75, or 51.1% of Debtor's total debt, when the $13,298.85 owed to American Honda Finance is included.  Were the court to accept the creditor's argument, the Debtor's case would be subject to § 707(b) dismissal, but the creditor misses an important point.

Even if the debt to American Honda Finance were included in the calculus as consumer debt, it makes no difference because the Debtor's largest business debt is the Creditor's Final Judgment

---

[7] *Id.*

[8] *Id*; *In re Victoria*, 389 B.R. at 254; *see also In re Stewart*, 175 F.3d 796; *Liegey*, 2009 Bankr. LEXIS 3678.

[9] *In re Stewart*, 175 F.3d at 808.

[10] § 101(8).

against the Debtor, which has accrued interest for at least 996 days at an interest rate of 11%.[11, 12]
Accordingly, at least $48,441.00 in post-judgment interest is owed to the Creditor on top of the Creditor's $161,383.00 Final Judgment listed on Schedule F. Consequently, the business debt owed to the Creditor rises to at least $209,824.00, or 55% of total debt (even when the debt to American Honda Finance is included in the calculus as consumer debt).

The court does not need to reach the issue of how to classify the Debtor's student loan debt because, as discussed above, the Debtor's non-consumer (business) debt is at least 55% of the total. Section § 707(b) dismissal is only available when a Chapter 7 debtor has primarily consumer debts, and the Creditor cannot proceed under that subsection. Notwithstanding the Debtor's objection at the hearing, I find that the Creditor's motion provides ample notice of grounds giving rise to dismissal under § 707(a), and I construe the Creditor's motion as a Motion to Dismiss under both § 707(a) and (b).

II.    Dismissal under 11 U.S.C. § 707(a)

    A.    Bad Faith

The Eleventh Circuit has not addressed whether bad faith constitutes cause for dismissal of a Chapter 7 case under § 707(a). This district has addressed the issue in several cases and has

---

[11] The Debtor contends that the Final Judgement was obtained on January 25, 2008 and accrued post-judgment interest at the rate of 11 percent until the filing of the bankruptcy petition on October 18, 2010. However, the Creditor's Motion states the Final Judgment was obtained on January 10, 2008. Either way the interest accrued would be enough to make the Debtor's debts primarily non-consumer debts.

[12] *See Port-A-Weld, Inc. v. Padula & Wadsworth Const. Inc.*, 984 So. 2d 564, 570 (Fla. 4th DCA 2008) (Judgments bear post-judgment interest by operation of law, whether or not the judgment says so.).

reached conflicting decisions.  *In re Farkas*[13] and *In re Isham*[14] found that there is no good faith filing requirement in a Chapter 7 case.  The petitions in those cases were, however, filed before BAPCPA became effective.  *In re Kane & Kane*[15] and *In re Boca Village Ass'n*[16] are more recent decisions in this district where the court took the opposite view, that bad faith can constitute cause for dismissal of a non-consumer Chapter 7 case.  Both of these more recent cases were filed several years after BAPCPA became effective.  Significantly, BAPCPA amended  § 707(b)(3) to include bad faith as grounds for dismissal.  Since the 2005 BAPCPA amendments became effective, courts are increasingly taking the view that bad faith can constitute cause for dismissal under § 707(a), so frequently in fact that it is the current majority view.[17]

This growing trend is consistent with one of the primary policy aims of bankruptcy, to give the honest yet unfortunate debtor a fresh start — not the dishonest business person a head start.[18]  Whether a debtor is a consumer or non-consumer debtor is, under the new majority view, irrelevant to whether a Chapter 7 case may be dismissed for bad faith.  Furthermore, § 707(a) gives the court authority to dismiss a case for cause, and sets forth a list of behavior that constitutes cause for dismissal.  Because § 102(3) provides that "includes" and "including" are not limiting, § 707(a) is a non-exclusive list of factors which may constitute "cause" for dismissal.  Post-BAPCPA § 707(b) specifically lists bad faith as a reason to dismiss a Chapter 7 case, and the new majority view holds

---

[13] *In re Farkas*, 343 B.R. 336 (Bankr. S.D. Fla. 2006) (Friedman, J.).

[14] *In re Isham*, No. 05-31856-BKC-SHF, 2006 WL 1431401 (Bankr. S.D. Fla. 2006) (Friedman, J.).

[15] *In re Kane & Kane*, 406 B.R. 163 (Bankr. S.D. Fla. 2009) (Kimball, J.).

[16] *In re Boca Village Assoc.*, 422 B.R. 318 (Bankr. S.D. Fla. 2009) (Hyman, J.).

[17] *See Kane & Kane*, 406 B.R. at 167 (citing *In re Tallman*, 397 B.R. at 451).

[18] *In re O'Brien*, 328 B.R. 669, 674 (Bankr. W.D.N.Y. 2005).

that bad faith also constitutes cause for dismissal under § 707(a). Because there is no reason to exempt business debtors from the good faith requirement imposed by BAPCPA upon consumer debtors, this court has adopted the view that bad faith can constitute cause for dismissal of a Chapter 7 case under § 707(a).

B. Determining Bad Faith under 707(a)

Whether bad faith constitutes cause for dismissal under § 707(a) is not the only question that has created conflict among courts. *How* to determine bad faith under § 707(a) is a topic of dispute. Both *In re Kane & Kane* and *In re Boca Village Ass'n* rejected a formal factor analysis in determining whether bad faith is present, and instead looked at "whether the totality of circumstances indicated that the debtor had taken advantage of the court's jurisdiction in a manner that was repugnant to the purpose of bankruptcy."[19]

*Kane & Kane* relied on *In re Tallman*,[20] an opinion from the Northern District of Indiana which relied upon the Eighth Circuit opinion in *In re Huckfeldt*.[21] *Boca Village Ass'n* adopted the reasoning in *Kane and Kane* and *Huckfeldt*.[22] *Tallman* was reversed by the District Court primarily because the bankruptcy court did not entertain factors that the District Court thought were relevant to the determination of bad faith. The District Court essentially scolded the bankruptcy court for

---

[19] *Kane,* 406 B.R. at 167-68; *Boca Village Ass'n*, 422 B.R. at 324.

[20] *In re Tallman*, 397 B.R. 451 (Bankr. N.D. Ind. 2008).

[21] *In re Huckfeldt* did not hold that bad faith requires dismissal, but that bad faith can constitute cause for dismissal under 707(a). *In re Huckfeldt*, 39 F.3d 829 (8th Cir. 1994). *In re Huckenfeldt* also held that bad faith dismissal "is limited to extreme misconduct falling outside the purview of more specific Bankruptcy Code provisions, such as using bankruptcy as a 'scorched earth' tactic against a diligent creditor, or using bankruptcy as a refuge from another court's jurisdiction." *Id.* at 832.

[22] *Boca Village Ass'n*, 422 B.R. at 322-24.

its heavy reliance on *Huckfeldt*.[23] The District Court held that bankruptcy courts should determine "good faith based upon a consideration of the totality of the circumstances, the factors identified by the court in *In re O'Brien*[24] and by other courts, and any and all other facts and circumstances that may bear upon the question."[25] Although *Kane & Kane* and *Boca Village Ass'n* avoid using a strict factor analysis to determine whether bad faith exists, and although this court is not required to engage in a strict factor analysis to determine whether the "totality of the circumstances" indicate bad faith, factors are useful here. The list of factors set forth by the Middle District of Florida are:

>   (i) the debtor reduced his creditors to a single creditor shortly before the petition date;
> 
>   (ii) the debtor made no life-style adjustments or continued living a lavish life-style;
> 
>   (iii) the debtor filed the case in response to a judgment, pending litigation, or collection action;
> 
>   (iv) there is an intent to avoid a large, single debt;
> 
>   (v) the debtor made no effort to repay his debts;
> 
>   (vi) the unfairness of the use of Chapter 7;
> 
>   (vii) the debtor has sufficient resources to pay his debts;
> 
>   (viii) the debtor is paying debts of insiders;
> 
>   (ix) the schedules inflate expenses to disguise financial well-being;
> 
>   (x) the debtor transferred assets;
> 
>   (xi) the debtor is over-utilizing the protections of the Bankruptcy

---

[23] *In re Tallman,* 417 B.R. 568, 575, n.4 (N.D. Ind. 2009).

[24] *In re O'Brien*, 328 B.R. 669 (Bankr. W.D.N.Y. 2005).

[25] *Tallman*, 417 B.R. at 580, n.6.

> Code to the unconscionable detriment of creditors;
>
> (xii) the debtor employed a deliberate and persistent pattern of evading a single major creditor;
>
> (xiii) the debtor failed to make candid and full disclosure;
>
> (xiv) the debtor's debts are modest in relation to his assets and income; and
>
> (xv) there are multiple bankruptcy filings or other procedural "gymnastics."[26]

This list of factors helps shed light on a debtor's intentions and helps to determine whether the debtor is an honest but unfortunate debtor entitled to a fresh start.[27] The presence of one factor alone, especially the debtor's ability to pay, is not indicative of bad faith.[28,29,30] However, several

---

[26] *In re Baird*, No. 6:09-bk-04578ABB, 2010 Bankr. LEXIS 149, at *8-10 (M.D. Fla. Jan. 20, 2010) (Briskman, J.) (citing *United States v. McDaniel (In re McDaniel)*, 363 B.R. 239, 244 (M.D. Fla. 2007) (Fawsett, J.)).

[27] *Baird*, 2010 Bankr. LEXIS 149, at *9-10 (*citing BFP v. Resolution Trust Corp.*, 511 U.S. 531, 563 (1994)).

[28] *In re Scott*, No. 10-00794-8-JRL, 2010 Bankr LEXIS 2604, *11-12 (Bankr. E.D.N.C. Aug. 6, 2010).

[29] Under 707(b)(3)(B) a debtor's case may be dismissed if he has the ability to pay a substantial portion of his unsecured nonpriority debts. *Baird,* 2010 Bankr. LEXIS 149, at *17. But, as noted earlier in this opinion, the Debtor in this case is not a consumer debtor.

[30] "Dismissal based upon a debtor's ability to pay 'is expressly prohibited by the legislative history [of Section 707(a)].'" *Baird*, 2010 Bankr. LEXIS 149, at *10 (M.D. Fla. Jan. 20, 2010). The legislative history of 707(a) contains the following statement:

> This section does not contemplate, however, that the ability of the debtor to repay his debts in whole or in part constitutes adequate cause for dismissal. To permit dismissal on that ground would be to enact a non-uniform mandatory chapter 13, in lieu of the remedy of bankruptcy.

*Id*. at 10-11 (citing H.R. Rep. No. 95-595, at 380 (1977), *as reprinted in* 1978 U.S.C.C.A.N.. 5963, 6336; S. Rep. No. 95-989, at 94 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5880). However, several courts look at a debtor's ability to repay debts as one factor when determining whether bad faith for cause dismissal exists. *Perlin v. Hitachi Capital Am. Corp. (In re Perlin)*, 497 F.3d 364 (3d Cir. 2007); *In re Woodburn*, No. 07-00927-5-ATS, 2008 Bankr. LEXIS 2447 (Bankr. E.D.N.C. July 17, 2008); *O'Brien*, 328 B.R. 669; *Baird,* 2010 Bankr. LEXIS 149. One court has gone as far as to dismiss a case pursuant to § 707(a) for bad faith based only upon ability to pay. *In re Rahim*, No. 10-57577, 2010 Bankr. LEXIS 4484, at *15 (Bankr E.D. Mich. Dec. 16, 2010).

factors considered together can show bad faith.[31]   Accordingly, the factors listed above assist the court's analysis, but no single factor is dispositive.

      C.      Cause Exists to Dismiss this Case.

Because none of the three statutorily listed grounds for dismissal in § 707(a)'s non-exclusive list are present, the court must determine whether the factors listed above indicate that the Debtor has acted in bad faith.  The Creditor contends that the following actions exhibit the Debtor's bad faith: (1) the Debtor filed his petition to avoid a final judgment; (2) the Debtor failed to disclose the amount of debt owed to American Honda Finance; (3) the Debtor had the ability to repay his debts or a portion of his debts; and (4) the Debtor continues to maintain high expenditures, including to or for the benefit of insiders, and a lavish lifestyle (continuing to make substantial bi-weekly payments to his wife, continuing to pay high credit card expenses, and continuing to lease a luxury vehicle).

Factors (iii), (iv), (viii), and (xii) listed above support a finding of bad faith.  The Debtor filed bankruptcy in response to a judgment, pending litigation, or collection action; the debtor intended to avoid a large single debt; the debtor is paying debts of insiders; and the debtor employed a deliberate and persistent pattern of evading a single major creditor.  The Creditor's final judgment is in the amount of $161,383.00 plus at least $48,441.00 in post-judgment interest.  It is undisputed that the Creditor is the Debtor's largest unsecured creditor, and the Debtor has not argued that any other significant creditor is attempting to collect from him.  Aside from the Debtor's non-dischargeable student loan debt, his other debts listed on Schedule F are small in relation to the

---

[31] *Scott*, 2010 Bankr LEXIS 2604, at *11-12.

Creditor's final judgment. VW Credit has a claim of $9,557.00, there are credit cards debts which are relatively small, and the Debtor owes $33,028.00 on a mortgage note. Furthermore, the Debtor continues to pay his $13,298.85 obligation to American Honda Finance so he could maintain his lease on an Acura TL, and did not initially disclose this. The Debtor also intends to continue making certain mortgage payments on property occupied by his aunt, even though his personal liability would be discharged, and regularly transfers significant amounts to his wife for her 401(k), credit card payments, and other expenses. The Debtor filed this Chapter 7 petition on October 8, 2010, one day before a state court deadline to produce documents relating to whether the Debtor could exempt income as a head of household from his liability on the final judgment. There was no sudden financial disaster, the Debtor and his spouse still maintained their jobs, no medical crisis occurred, the petition was timed perfectly to stay the Creditor's collection efforts,[32] and the court accordingly finds that "the debtor filed the case in response to a judgment, pending litigation, or collection action" (*factor iii*), "there is an intent to avoid a large, single debt" (*factor iv*), "the debtor is paying debts of insiders" (*factor viii*), and "the debtor employed a deliberate and persistent pattern of evading a single major creditor" (*factor xii*).[33]

Factor (ii) also supports a finding of bad faith: "*Whether the debtor failed to make life-style adjustments or continued living a lavish life style*."[34] The Creditor argues that the Debtor has "created an excessive and unreasonable budget by contributing almost $2,000.00 per month to his

---

[32] *In re Marino*, 388 B.R. 679, 683-84 (E.D.N.C. 2008) (finding a lack of good faith where there was no sudden financial disaster and debtor filed bankruptcy to avoid paying legal fees); *see also In re Lombardo*, 370 B.R. 679 (E.D.N.Y 2007).

[33] *See Baird*, 2010 Bankr. LEXIS 149, at *8-10.

[34] *Id.*

spouse's 401(k), spending significant amounts of money on credit cards, and driving luxury vehicles."[35] The Debtor argues that giving this money to his wife was not improper as it is something he has always done, and noted the $493.00 per month lease rate for the Acura TL was comparable to the IRS allowance adopted under the means test. It is, however, uncontroverted that the Debtor has not made any material lifestyle adjustments, and continues to contribute significant amounts to his wife's retirement fund at the expense of his creditors.

Factor (vii) also supports a finding of bad faith: *"Whether the debtor had sufficient resources to pay his debts."*[36] The Debtor contributes $2,000 per month to his wife's 401(k), leases a luxury vehicle, and pays other expenses for his wife. Within the month preceding the petition date, the Debtor transferred thousands of dollars to his wife which could have been used to repay his creditors. His wife has her own successful career, and if changes were made to the economic structure of their household, the Debtor would not need to transfer money to his wife to support their lifestyle. The Debtor's ability to repay at least a portion of his debts to creditors is evidenced by the substantial payments he makes to his wife on a monthly basis, and this factor (combined with other factors) weighs in favor of a finding of bad faith.

### *Conclusion*

The Debtor filed his Chapter 7 petition to impede the collection of one large debt. The Debtor did not make any effort to change his lifestyle in order to repay his creditors, and analysis of the factors listed above support a finding that the Debtor has acted in bad faith. It is accordingly **ORDERED** that Creditor's Motion to Dismiss **[ECF No. 29]** is **GRANTED**, and this

---

[35] *See* [ECF No. 29].

[36] *See Baird*, 2010 Bankr. LEXIS 149, at *8-10.

case is dismissed with prejudice for 180 days.

# # #

*The Clerk of Court is directed to provide copies of this order*
*to all interested parties registered to receive notice.*